UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 3:17-00168 |
| v. ) | JUDGE TRAUGER |
| ) | |
| CHARLES DWIGHT STOUT, III ) | |

<u>POSITION OF DEFENDANT WITH REGARD TO SENTENCING FACTORS</u>

The defendant, Charles Dwight Stout, III ("Mr. Stout"), through undersigned counsel, hereby notifies this Honorable Court that he has reviewed the Presentence Investigative Report ("PSR"). Mr. Stout respectfully submits that his Court should honor the parties' plea agreement and sentence Mr. Stout to a sentence of one year of supervised release and payment of the appropriate amount of restitution. (Plea Agreement, Docket No. 51 at ¶ 11.) Such a sentence is sufficient, but not greater than necessary, to comply with the purposes of sentencing at 18 U.S.C. 3553(a)(2).

**I.    Sentencing Law**

The Sixth Amendment requires sentencing courts to consider the U.S. Sentencing Guidelines as merely advisory rather than mandatory. *United States v. Booker*, 543 U.S. 220, 245 (2005); see *Kimbrough v. United States*, 552 U.S. 85, 90 (2007) ("[T]he Guidelines, formerly mandatory, now serve as one factor among several courts must consider in determining an appropriate sentence."). Sentencing courts need only consider the Guidelines range and are at liberty to adjust a sentence according to the factors listed under 18 U.S.C. § 3553(a). *Booker*, 543 U.S. at 245. Thus, a district court must (1) calculate the applicable Guidelines Range; (2) allow the parties to argue for the appropriate sentence; and (3) consider the § 3553(a) factors without

granting the Guidelines range any presumption of reasonableness. *Gall v. United States*, 552 U.S. 38, 49-50 (2007). After taking these steps, a district court judge makes an "an individualized assessment based on the facts presented," providing a justification for any variance from the Guidelines range. Id. Gall also emphasized that probation is not "an act of leniency," but rather a "substantial restriction of freedom." *Gall*, 552 U.S. at 44.

The sentence imposed must be "sufficient, but not greater than necessary, to comply with the purposes of sentencing at 18 U.S.C. § 3553(a)(2). *United States v. Foreman*, 436 F.3d 638, 643 (6th Cir. 2006). The sentencing court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant," as well as the purposes of sentencing: "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public ... ; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(1)-(2). The court must also consider "the need to avoid unwarranted sentencing disparities and the need to provide restitution to any victim." 18 U.S.C. § 3553(a)(6)- (7).

**II.     A sentence of one year of supervised release is a sufficient sentence for Mr. Stout.**

In the present case, a sentence of one year of supervised release is sufficient, but not greater than necessary, to effectuate the statutory purposes of sentencing. The nature and circumstances of Mr. Stout's offense, as well as the history and characteristics of Mr. Stout, support a sentence of one year of supervised release. 18 U.S.C. § 3553(a)(1), (2)(D).

In the plea agreement the parties have agreed that a downward departure pursuant to U.S.S.G. § 5K2.0(2)(A) and 18 U.S.C. 3553(b) is appropriate "in relation to the defendant's public apology to members of the ICM" (Islamic Center of Murfreesboro). (Plea Agreement,

Docket No. 51 at ¶ 11.) Mr. Stout has taken responsibility for his actions. Mr. Stout has publicly acknowledged his wrongdoing to this Court and to the victims of his illegal activity. He sought to atone for his actions by directly apologizing to the victims at the Islamic Center of Murfreesboro. (Plea Agreement, Docket No. 51 at ¶ 7.) On March 9, 2018, Mr. Stout attended a prayer service at the Islamic Center of Murfreesboro to ask forgiveness from the victims of his actions.[1] He addressed the entire congregation during the service, apologized for his actions, and shook the hands of those present who offered forgiveness. Mr. Stout reached out to the Islamic Center on his own initiative and without any involvement by the U.S. Attorney's Office. (PSR ¶ 15.)

A non-custodial sentence will allow Mr. Stout to continue working with the International Brotherhood of Electrical Workers (IBEW). Mr. Stout earned a Mechatronics Technician certificate this past spring from Motlow State Community College. (PSR ¶ 55.) In June, he secured a job with the IBEW. (PSR ¶ 56.) Mr. Stout has demonstrated his wish to build a career in Mechatronics, investing significant time and energy in the certification process. A sentence of supervised release will permit him to continue working within his chosen field and pay any potential fines imposed by this court. Steady employment with IBEW will serve as a further incentive for Mr. Stout to conduct himself in a lawful manner. (PSR ¶¶ 69-72.)

A supervised release sentence will allow Mr. Stout to receive necessary mental health treatment in the most effective manner. § 3553(a)(2)(D). Mr. Stout admits to being intoxicated

---

[1] Nancy De Gennaro, *Islamic Center of Murfreesboro tells vandals, 'We will forgive you'*, THE TENNESSEAN (March 9, 2018), https://www.tennessean.com/story/news/2018/03/09/murfreesboro-mosque-vandalism-islamic-center-apology-bacon-profanity/407587002/; Emily Luxen, *Accused Mosque Vandals Apologize to Congregation*, News Channel 5 (March 9, 2018), https://www.newschannel5.com/news/accused-mosque-vandals-apologize-to-congregation.

when he committed the instant offense, and he has previously attempted to commit suicide. (PSR ¶¶ 42, 54.) Four days after the Islamic Center vandalism, he was hospitalized for a week because he was suicidal. (PSR ¶ 43.) At the hospital, Mr. Stout was diagnosed with depression and anxiety. (PSR ¶¶ 42-43.) He was prescribed medication for his mental illnesses during his hospital stay, and he currently attends therapy sessions twice a month at ClearPath in Murfreesboro, a behavior health treatment center. (PSR ¶ 43.) Mr. Stout lives with his mother, father, and sister. (PSR ¶ 37.) A sentence of one year of supervised release will allow Mr. Stout to continue receiving mental health treatment at ClearPath with the support of his family.

Mr. Stout is remorseful for his actions. He has taken legal and moral responsibility for his wrongdoing, and he is committed to obeying the law and respecting all members of his community moving forward. He vows to this Court that he will never engage in such activity or any other criminal behavior. Besides the instant offense, Mr. Stout has no criminal history. (PSR ¶¶ 31-36.) A sentence of one year of supervised release is sufficient to signify the weight of the offense to Mr. Stout and will serve as an effective deterrent against any future criminal conduct. § 3553(a)(2)(B)-(C). A sentence of supervised release will not result in unwarranted sentencing disparities because of the unique steps Mr. Stout took to apologize and seek forgiveness from the victims of the act. Thus, a sentence of supervised release is sufficient, but not greater than necessary, to effectuate the statutory purposes of sentencing.

Respectfully submitted,

s/ *R. David Baker*
R. David Baker (BPR# 014238)
Assistant Federal Public Defender
810 Broadway, Suite 200
Nashville, TN 37203
615-736-5047
E-mail: david_baker@fd.org

Attorney for Charles Dwight Stout, III

**CERTIFICATE OF SERVICE**

 I hereby certify that on August 10, 2018, I electronically filed the foregoing Position of Defendant with Regard to Sentencing Factors with the U.S. District Court Clerk by using the CM/ECF system, which will send a Notice of Electronic Filing to the following: Sara Beth Myers, Assistant United States Attorney, 110 Ninth Avenue South, Suite A961, Nashville, TN 37203.

s/ *R. David Baker*
R. DAVID BAKER
Assistant Federal Public Defender